298 So.2d 118 (1974)
William A. RICHMOND, Individually, etc.
v.
EMPLOYERS' FIRE INSURANCE COMPANY et al.
No. 9858.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
Rehearing Denied August 13, 1974.
Writ Refused October 18, 1974.
*119 H. Alva Brumfield, III, Baton Rouge, for plaintiffs-appellants.
Emile C. Rolfs, III, Baton Rouge, for defendants-appellees Bd. of Supervisors, La. State University and Employers Fire Ins. Co.
David W. Robinson, Baton Rouge, for defendant-appellee Zurich Ins. Co.
Before LANDRY, ELLIS and PICKETT, JJ.
LANDRY, Judge.
Plaintiff, William A. Richmond (Appellant), appeals rejection of his action to recover damages for personal injuries sustained *120 by Appellant's minor son, Ronald A. Richmond, who was struck in the face by a baseball bat during spring baseball practice at Louisiana State University. The accident occurred when student assistant coach, Michael Maddox, a minor, lost his hold of a fungo bat while hitting "fungoes" during a practice session. Maddox unintentionally released the bat when he swung at a ball he had thrown into the air to hit, but missed. The bat struck young Richmond who was standing nearby acting as Maddox's "catch-up man". Upon attaining majority, young Maddox joined the action as plaintiff.
Plaintiff initially made defendants the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (Board) and the Board's insurer, Employers' Fire Insurance Company (Insurer). Subsequently plaintiff joined Zurich Insurance Company (Zurich), insurer of Carl Maddox, father of Michael Maddox. Zurich was dismissed from the action when the trial court upheld Zurich's peremptory exceptions of no cause of action and of prescription. The trial court rejected plaintiffs' claims against the Board and Insurer upon finding Maddox free of negligence, and upon also finding Richmond assumed the risk of injury by participating in the practice session. We affirm.
The significant facts are undisputed. The accident occurred on February 7, 1970. Ronald Richmond, an aspiring pitcher, was a nonscholarship member of the L.S.U. "B" baseball team. Having played organized baseball since age eight, Richmond was experienced in the game. He desired keenly to compete at the varsity level. With this goal in mind, Richmond requested permission of "B" team coach, Michael Maddox, to participate in varsity practice so that Richmond could demonstrate his baseball prowess to the varsity coaches. Maddox obtained the desired permission of varsity coach, Jim Smith.
Maddox, a graduate school enrollee qualifying for a Master's Degree in Physical Education, was also an experienced baseball player. He had played the game since his third year in elementary school. As student assistant coach, Maddox organized the "B" team, conducted its practice sessions, scheduled its games and managed the team during the baseball season. He received no cash salary for his services. His compensation consisted of the privilege of eating two daily meals at the L.S.U. training table without charge.
Varsity practice began at approximately 1:00 P.M., February 7, 1970, a cool, dry day. Plaintiff Richmond was the only nonvarsity player present. After completing a warm up course of running, calisthenics and special limbering up exercises, the players prepared for batting practice. Coach Smith intended to have an intersquad game following practice. During the game, Richmond was to be afforded an opportunity to pitch.
The record discloses that most baseball teams conduct batting practice subsequently in the same routine manner. Players who are neither batters, nor waiting their turn to bat, man their usual positions to field balls batted by hitters at home plate. To assure equal opportunity for each player to practice fielding a batted ball, coaches station themselves along the first and third base line to hit "fungoes" to each field position. Between pitches to the batter at home plate, a coach hits a "fungo" to a particular player who fields the ball and throws it in to the coach's "catch up man" stationed nearby. The "catch up man" gives the ball to his coach who then hits another "fungo". In hitting "fungoes", a special bat is used. A "fungo bat" is longer, slenderer and lighter than an ordinary bat. Such a bat is so constructed for two reasons: first, it gives the batter greater control over the direction and flight of the ball; second, it is less tiring on the batter who must repeat the process many times during a practice session. To hit a "fungo", the batter throws the ball into the air and when the ball descends, strikes the ball with the "fungo bat". This procedure *121 eliminates the need of a pitcher to throw to the person hitting fungoes.
On the afternoon in question, Coach Smith directed Michael Maddox to hit fungoes from the third base line and to use young Richmond as "catch up man". Coach Smith intended to hit "fungoes" from the first base line and started toward that portion of the field. Maddox and Richmond stationed themselves approximately midway between home plate and third base and about 20 feet off the third base line toward the dug out. Richmond first positioned himself to Maddox's right, between Maddox and home plate. Maddox observed that a hard hitting left handed batter was at bat, increasing the percentage of a hard hit foul ball coming down the third base line in Richmond's direction. For Richmond's protection, Maddox ordered Richmond to assume a position to Maddox's left, that is, between Maddox and third base, in which location Maddox would be between Richmond and the batter at home plate. Richmond then moved to a position about 10 to 15 feet to Maddox's left. Maddox missed his first attempt to hit a fungo; the bat slipped out of Maddox's hand and struck Richmond in the face. The blow caused Richmond extensive, painful facial injuries which required prolonged treatment, including plastic surgery, and which left Richmond with moderate facial disfigurement.
Appellants contend Maddox was negligent in: (1) Ordering young Richmond to stand in a position of danger; (2) attempting to hit a fungo while Maddox's attention was diverted toward the batter at home plate; (3) failing to take precaution to prevent the bat from slipping from Maddox's wet hands, and (4) neglecting to provide Richmond with protective equipment such as a face mask.
We concur in the trial court's conclusion that Maddox was not negligent in ordering Richmond to change position. Maddox's decision to order Richmond to assume a position to Maddox's left was entirely reasonable under the circumstances. Maddox was aware that a left hand hitter at the plate posed a distinct danger to Richmond being hit by a foul ball knocked down the third base line. In positioning Richmond to his left, Maddox afforded Richmond the protection of Maddox's own body against this particular peril. Additionally, Richmond, not Maddox, chose the exact spot where Richmond actually stood.
The record does not support the contention that Maddox was negligent in batting with wet hands, thus increasing the danger of his losing control of the bat. The day was cool. Maddox had not participated in pre-practice warm up exercises. The practice session had just begun.
We find no proof of the charge that Maddox was negligent in diverting his attention to the batter at home plate. On the contrary, it is shown that when the accident occurred, Maddox was concentrating solely upon striking the ball; he simply missed and lost control of the bat.
Appellants' remaining contention is that Maddox was negligent in not providing Richmond with a protective face mask. Maddox and Smith testified it was not customary to furnish a "catch-up man" with such gear. In this regard, Smith and Maddox were corroborated by Tom Swayze, baseball coach at "Ole Miss". Swayze, offered as an expert, testified he played professional baseball for two or three years and coached baseball at Ole Miss for about 25 years. He also testified that it was not customary to provide a "catch-up man" with a face mask. Swayze considered the procedure followed by Maddox to be reasonable and proper.
Alternatively, Appellants maintain Maddox is liable even in the absence of negligence. It is contended that LSA-C.C. art. 2315 imposes negligence based upon "fault" alone, where fault is the proximate cause of an accident which results in injury. We pretermit consideration of this issue because, assuming the correctness of *122 this position, Richmond is barred from recovery by his assumption of the risk in participating in a baseball practice session.
It is settled law that one who participates in a game or sport assumes the risk of injuries which are inherent in or incidental to that game or sport. Gaspard v. Grain Dealers Mutual Insurance Company, La.App., 131 So.2d 831; Benedetto v. Travelers Insurance Company, La.App., 172 So.2d 354. Gaspard, above, involved a case factually similar to the case at hand. In Gaspard, plaintiff was injured when struck by a bat which slipped from the hitter's grasp. Recovery was denied in Gaspard on the ground that the injured player assumed the risk of being thusly injured. In Benedetto, above, assumption of risk barred recovery by a baseball game spectator who, while seated along the third base line, was injured by a released bat.
Hawayek v. Simmons, La.App., 91 So.2d 49, relied upon by Appellants, is inapposite. Hawayek involved a plaintiff injured by a lure miscast by plaintiff's fishing companion occupying the same boat as plaintiff. In Hawayek, assumption of risk was held inapplicable on the ground that the danger of being so injured was neither inherent, obvious, nor foreseeable under the circumstances.
We also find Langlois v. Allied Chemical Company, 258 La. 1067, 249 So. 2d 133, and Mitchell v. Hepinstall Steel Company, La.App., 264 So. 2d 325, factually distinguishable. In both cases, an employee, acting within the course of his employment, was held not to have assumed the risk of an inherently dangerous situation. The rationale of these decisions is that participation in the activity was not voluntary. In each of the cited cases, the court concluded that, due to economic duress, an employee will not be deemed to have assumed the risk inherent in performing work required by an employer. In the case at bar, the injured party is not an employee, but a voluntary participant in a baseball practice session. As such, plaintiff assumed the risks inherent therein. Being struck by a bat released by a fellow participant is foreseeable risk inherent in baseball practice. Plaintiff assumed the risk and is therefore barred from recovery. Gaspard and Benedetto, above.
The judgment of the trial court is affirmed; all costs of these proceedings to be paid by plaintiffs-appellants.