[No. 13471-0-I. Division One. February 10, 1986.]

WILLIAM A. RIDGE, ET AL, *Appellants,* v. MICHAEL KLADNICK, ET AL, *Respondents.*

*Nathan James Neiman,* for appellants.

*Stafford, Frey & Mertel* and *Diane Geiger,* for respondents.

The following opinion was prepared by Judge T. Patrick Corbett prior to his death. It is adopted by the undersigned Judges as the opinion of the court.

William Ridge appeals a judgment of dismissal entered after a jury verdict for the defendants, Kladnick and Skate King Corporation. He assigns error to the form of the special verdict and to the court's instruction regarding assumption of the risk. We affirm.

On September 27, 1980, Ridge was injured while playing a game called "Shoot–The–Duck/Wipe Out" at Skate King roller rink in Burien.[1] The rules of the game are that: (1) the announcer asks all those not wishing to play the game to leave the floor; (2) the announcer then instructs the remaining skaters to pick up speed; (3) after the announcer believes enough speed has been obtained, he announces "Shoot The Duck" and all the skaters squat down on one leg with the other leg fully extended in front of them; (4) after all of the skaters are in this position, the announcer then says "Wipe Out" and the skaters try to knock each other over; (5) no skater may be touched by another until the "Wipe Out" instruction has been given or after any skater falls down; and (6) the last skater remaining on his or her skates wins.

Ridge frequently patronized the roller rink and often

---

[1] Appellant only provided a partial report of proceedings. We relate the facts as they are agreed to in the appellate briefs and trial memoranda.

played the game. He was such a frequent patron that he was known as "Mr. Bill." On the day Ridge was injured, after the game was under way the announcer stated "Get Mr. Bill!". Whether this statement was made before or after the "Wipe Out" command is disputed and was presented to the jury as a question of fact. As the "Get Mr. Bill" statement was made, Kladnick knocked Ridge over. Ridge contends that he had not yet assumed the "Shoot–The–Duck" position when he was hit. This was also disputed and presented to the jury as a question of fact.

Ridge assigns error to jury instruction 12.

> You are instructed that the plaintiff may not recover for those injuries received pursuant to the rules of the game, if the risk of such injury was known and appreciated by the plaintiff prior to his commencing the activity in question. The plaintiff, however, is deemed to have known and understood the risk of such injury where such risk would have been quite clear and obvious to a reasonably careful person under the same or similar circumstances.

He also assigns error to the following special verdict form:

> Did the plaintiff assume the risk of injury as defined in these instructions?
> Answer: Yes

Comparative negligence removes the contributory negligence bar to recovery.[2] *Seattle–First Nat'l Bank v. Shoreline Concrete Co.,* 91 Wn.2d 230, 236, 588 P.2d 1308 (1978). Recovery will be diminished in proportion to the recovering party's contributory negligence. *Godfrey v. State,* 84 Wn.2d 959, 964–65, 530 P.2d 630 (1975). Assumption of the risk *as a type of contributory negligence,* has no independent significance in Washington. *Lyons v. Redding Constr. Co.,* 83 Wn.2d 86, 95, 515 P.2d 821 (1973). It, too, is merely a damage reducing factor. *Kelly v. Howard S. Wright Constr. Co.,* 90 Wn.2d 323, 341, 582 P.2d 500 (1978).

---

[2]The comparative negligence statute, RCW 4.22.010, has been repealed. It applies in this case, however, because the claim arose prior to July 26, 1981. RCW 4.22.925.

Ridge contends that instruction 12 concerning the rules of the game, as well as the special verdict form, incorrectly present assumption of the risk as a defense and complete bar to recovery. We disagree.

■ Assumption of the risk is not a mere variant of comparative negligence in this case. Rather, assumption of the risk involves a knowing encounter of danger and a subjective standard of conduct. W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Torts* § 68, at 485 (5th ed. 1984). Comparative negligence, in contrast, involves breach of an objective reasonable standard of conduct. *Prosser,* at 485. As Prosser suggests, this primary type of assumption of the risk should continue to bar recovery even after the adoption of comparative negligence or fault because assumption of the risk in this form is, in reality, the principle of no duty—hence no breach and no underlying cause of action. *Prosser,* at 496–97. When one acts knowingly, it is immaterial whether one acts reasonably. *Kennedy v. Providence Hockey Club, Inc.,* 119 R.I. 70, 376 A.2d 329, 333–34 (1977).

■ Those who participate in sports or amusements are taken to assume known risks of being hurt, although they are not deemed to have consented to unsportsmanlike rule violations, which are not part of the game. *E.g., Robillard v. P & R Racetracks, Inc.,* 405 So. 2d 1203 (La. Ct. App. 1981) (stock car drag racer hit disabled vehicle); *Duffy v. Midlothian Country Club,* 92 Ill. App. 3d 193, 415 N.E.2d 1099 (1980) (spectator injured while watching golf tournament); *Daniel v. Cambridge Mut. Fire Ins. Co.,* 368 So. 2d 810, 6 A.L.R.4th 349 (La. Ct. App. 1979) (horseback riding); *Richmond v. Employers' Fire Ins. Co.,* 298 So. 2d 118 (La. Ct. App. 1974) (flying baseball bat); *Moe v. Steenberg,* 275 Minn. 448, 147 N.W.2d 587 (1966) (skater); *Dusckiewicz v. Carter,* 115 Vt. 122, 52 A.2d 788 (1947) (wrestling or boxing). By taking part in the game, Ridge agreed to accept the risks inherent in the game that were obvious and necessary. One of those risks was that of being knocked over and injured. Because Ridge voluntarily and knowingly placed

himself into this area of appreciable risk, Skate King does not owe a duty to him with regard to those risks. *Kennedy v. Providence Hockey Club, Inc., supra.* The court did not err in giving instruction 12 which was a correct statement of the law.

The special verdict form unfortunately used the term "assumption of the risk" which was not otherwise defined or used in the instructions. This caused unnecessary confusion. Ridge, however, suffered no prejudice from this because when the special verdict was read together with the other instructions, especially instruction 12, it is apparent that the jury found Ridge's injuries were the result of his voluntary participation in a game where the rules had been followed. *Smith v. Sturm, Ruger & Co.,* 39 Wn. App. 740, 745, 695 P.2d 600 (1985).

Affirmed.

SCHOLFIELD, C.J., and SWANSON, J.

Reconsideration denied April 8, 1986.

Review denied by Supreme Court July 10, 1986.