**Darryl ARNOLD and Linda Arnold, Plaintiffs–Appellants,**

v.

**INGERSOLL–RAND COMPANY, Defendant–Respondent.**

No. 65582.

Missouri Court of Appeals, Eastern District.

Aug. 22, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 25, 1995.

Application to Transfer Denied Nov. 21, 1995.

Allan R. Belliveau, Fox, Goldblatt & Singer, St. Louis, James F. Koester, James F. Koester, Inc., Gary Richard Sarachan, Rothman, Sokol, Adler, Barry & Sarachan, Clayton, Terrence Finan Moffitt, Law Office of Thomas Green, St. Louis, for appellant.

J. William Newbold, II, Bruce D. Ryder, Dudley W. Von Holt, Coburn & Croft, St. Louis, for respondent.

KAROHL, Judge.

After remand from the Supreme Court in *Arnold v. Ingersoll–Rand Co.*, 834 S.W.2d 192 (Mo. banc 1992) (*Arnold I*), a jury found in favor of defendant in a product liability case. In 1992, our Supreme Court reversed a judgment for plaintiffs and remanded after determining their failure to warn claim was not submissible under MAI 25.05 and a jury instruction concerning contributory fault should have been submitted at defendant's request. *Id.*

During retrial the trial court directed a verdict on plaintiffs' failure to warn claims. It submitted to the jury plaintiffs' product liability claims on two theories. It submitted a product defect theory using MAI 25.04 on which the jury found for defendant. It submitted a negligent manufacture or design theory using MAI 25.09, (modified) followed by defendant's comparative fault instruction which was MAI 32.23, (modified). On the second submission the jury found plaintiff Darryl Arnold 100% at fault, defendant 0% at fault. Plaintiffs appeal the directed verdict on their failure to warn claims, submission of a withdrawal instruction removing the issue of unreasonable danger because of the absence of a proper warning, and submission of a comparative fault instruction on their design defect claim.

Plaintiff, Darryl Arnold was the mechanic in charge at Rich's Auto Repair and Wrecker Service on February 3, 1986. Arnold was in the process of draining a car's fuel tank containing a mixture of gasoline and water. The car was located in the garage area of the shop. One of the four bay doors remained half-open during the process. Arnold drained the tank into an open pan on the floor. The pan overflowed into the sewer system. There was conflicting testimony about the concentration of the gasoline fumes in the garage area. Witnesses testified about safety precautions that could have been taken, such as, opening all the doors and draining the tank into a sealed container.

Between 12:30 p.m. and 1 p.m. an explosion occurred in a storage room adjacent to the garage area. Arnold was in the garage when the explosion occurred. He suffered third degree burns over almost forty percent of his body. His wife, Linda Arnold, joined him as a plaintiff claiming derivative damages.

Defendant, Ingersoll–Rand Company (Ingersoll–Rand) manufactured an air compressor which was located in the storage room adjacent to the garage. The air compressor was equipped with an automatic pressure switch that turned the machine off and on as needed to maintain the proper air pressure. When the air compressor turned on, it caused a small spark. An airtight pressure switch would prevent any flammable fumes from coming in contact with the spark. Ingersoll–Rand did not make an airtight pressure switch for this model. It did not inform customers the pressure switch is not airtight. In addition to the air compressor, the storage room also contained an active water heater and a gas furnace. Experts testified that any one of the three could have been the source of the ignition of the gasoline vapors.

The Arnolds assert the trial court erred in: (1) refusing to submit plaintiffs' failure to warn claims to the jury; (2) giving Instruction No. 11, MAI 32.23 (modified), as a complete and absolute affirmative defense to plaintiffs' product liability design defect claim; and, (3) giving a withdrawal instruction with regard to plaintiffs' failure to warn claims.

Ingersoll–Rand interposes a contention that the Arnolds should not have been allowed to replead and try failure to warn claims. If that is true, then two of the claims of error are moot. It argues they abandoned the negligence theory when they dismissed those claims prior to the first trial and, in addition, when allowed to replead those claims they were barred by the statute of limitations.

■■■ The Arnolds' original petition alleged both strict liability and negligence theories. Prior to the first trial plaintiffs dismissed their negligence claims and submitted their case to the jury on strict liability theories only. Ingersoll–Rand argues abandoned theories may not be reasserted in retrials after a remand. However, amendments of pleadings in cases on general remand are permissible and motions to amend are direct-

ed to the sound discretion of the trial court. *Yamnitz v. Polytech, Inc.*, 586 S.W.2d 76, 83 (Mo.App.1979); *Davis v. J.C. Nichols Company*, 761 S.W.2d 735, 737 (Mo.App.1988). Additionally, the five year statute of limitations, § 516.120(4) RSMo1986, 1986, does not bar the negligence claim alleging a February 3, 1986 injury. A claim or defense asserted in an amended petition relates back to the date of the original pleading if it arose out of the same conduct, transaction, or occurrence. *Koerper & Company, Inc. v. Unitel International, Inc.*, 739 S.W.2d 705, 705–706 (Mo. banc 1987); Rule 55.33(c).

■■■ However, we find plaintiffs failed to prove causation from a failure to warn which justified a directed verdict on those claims. The Supreme Court so found in *Arnold I*, 834 S.W.2d at 194. Here, Darryl ignored warnings of others regarding a known danger; the possibility of a fire from an electrical spark in the presence of gasoline fumes with three of the four doors closed; and, the gasoline draining into an open container. For the same reason the court did not err in submitting a withdrawal instruction on the failure to warn theory.

The Arnolds argue the trial court erred in giving Instruction No. 11 because: (1) the instruction was contrary to the law in that it did not contain language requiring the jury to find that Darryl Arnold comprehended the danger of gasoline fumes igniting and intelligently acquiesced; (2) the instruction was not supported by the evidence that Darryl Arnold comprehended the actual danger of gasoline fumes igniting in order to intelligently acquiesce to such danger; (3) the instruction patterned under MAI 32.23 submitted only "unreasonable assumption of the risk" which is not an absolute or complete defense in comparative fault in Missouri; and, (4) this instruction precluded the jury from determining the comparative fault of the defendant with that of Darryl Arnold.

Ingersoll–Rand responds the Arnolds only objected to the use of the assumption of the risk instruction and failed to object to the actual language of the instruction. In fact,

they expressly had no objection to the form of the instruction. They objected only on the basis that the instruction "should not be given because it is treated as an absolute defense in a comparative fault situation." The Arnolds' motion for a new trial claimed error in giving the instruction because: (1) it was contrary to the law and not supported by the evidence; (2) Ingersoll–Rand failed to prove Darryl knew the air compressor could cause an explosion; and, (3) it precluded the jury from determining the comparative fault of Ingersoll–Rand compared to the fault of Darryl. Objections to instructions may be made at trial or in the motion for a new trial.[1] Rule 70.03. Both parties concede failure to object to an instruction at trial may be taken into consideration in determining any prejudice resulting from the instruction. *Fowler v. Park Corporation*, 673 S.W.2d 749, 756 (Mo. banc 1984).

At the conclusion of the evidence, the trial court gave the following jury instruction as an affirmative defense to plaintiffs' verdict directing instruction which submitted a theory of product liability based on negligent design or manufacture:

## INSTRUCTION NO. 11

In your verdict you must not assess a percentage of fault to defendant if you believe:

First, when the air compressor was used, plaintiff Darryl Arnold knew of and appreciated the danger of gasoline fumes being ignited by the air compressor, and

Second, plaintiff Darryl Arnold voluntarily and unreasonably exposed himself to such danger, and

Third, such conduct of plaintiff Darryl Arnold directly caused or directly contributed to cause any damage plaintiffs may have sustained.

■■■ We conclude that the instruction properly required the jury to find that Darryl Arnold knew and appreciated the danger and that he voluntarily and unreasonably exposed himself to the danger. We also find

---

1. Rule 70.03 (Objections to Instructions) was amended effective January 1, 1994, to require specific objections prior to the jury retiring to consider the verdict. This case was retried in November, 1993.

that the third paragraph allowed the jury to find defendant not liable even though it may have been partially at fault because the language allowed the jury to find that Darryl merely contributed to cause but did not solely cause the fire. However, this error was not presented to the trial court nor has it been briefed on appeal. On the facts we do not find it to be a matter of plain error. The jury found Darryl 100% at fault which amounts to a verdict that Darryl Arnold was the sole cause of the fire.

■ The Arnolds' argue that the form of the instruction was flawed because it did not require a finding that Darryl "intelligently acquiesced" in a dangerous activity as approved in *Martin v. Buzan*, 857 S.W.2d 366, 367 (Mo.App.1993). This argument was not made to the trial court and we find that the words "knew of and appreciated" and "unreasonably exposed" are substantially equivalent.

■ The Arnolds also assert the assumption of the risk instruction was not supported by the evidence. An assumption of the risk instruction is to be given when there are facts from which a jury could find plaintiff intelligently acquiesced to a known danger. *Id.* at 368; *Strang v. Deere & Co.*, 796 S.W.2d 908, 916 (Mo.App.1990). During the retrial, Darryl Arnold acknowledged that he was aware of the risk of an explosion from the gas fumes. He testified he had basic electronic training in college. He understood that when the contacts on a switch open or close a spark can occur which can cause an explosion of gasoline vapors. His testimony was no less probative on the issue of his knowledge and appreciation of the danger than in the first trial. The Supreme Court held similar evidence made the defense submissible.

Darryl contends he was nevertheless unaware of the danger of an explosion on February 3, 1986, because he did not smell any gasoline fumes and he examined and tasted the fluid in the fuel tank and believed it was "pure water".

He knew of the inherent danger of gasoline vapors exploding if they came into contact with an electric spark. He had worked at service stations for nineteen years and knew the importance of not allowing gasoline vapors to accumulate around ignition sources. He understood the opening and closing of the contacts of an electrical switch could create a spark. Another employee at the service station opened the door to the bay where the tank was being drained. He testified he smelled excessive gasoline fumes and thought it was important to get air inside. The evidence presented by the plaintiff must show a warning would have given him previously unknown, additional information. *Martin*, 857 S.W.2d at 368. The evidence submitted indicated Darryl already knew of the danger and the necessary precautions involving flammable vapors and sparks. Absent a showing the warning would have given Darryl additional information, this court need not examine whether a warning would have been followed. *Id.* Other witnesses testified there were strong gas fumes at the service station just prior to the explosion. One testified "the fumes were so strong that I have a sinus problem and I had to get out of there real quick. It was real heavy." Another mechanic was concerned about the accumulation of gasoline fumes and warned Darryl to keep the bay doors open. Finally, a fire captain on the scene after the explosion testified the odor of gasoline was pervasive even after the fire.

The evidence supports a finding Darryl understood the danger of gasoline fumes igniting and voluntarily exposed himself to the danger. In *Arnold I*, the court determined a primary assumption of the risk instruction was supported by the evidence that Darryl voluntarily assumed a known risk inherent in the activity in which he was engaged. It remanded to permit an assumption of the risk instruction. The evidence presented at this trial was substantively the same.

■ The Arnolds also claim error in the use of the word "unreasonable" in Instruction No. 11. They assert this required a finding of unreasonable assumption of the risk instead of primary assumption of the risk. MAI 32.23 (modified) does not contain this "unreasonable" requirement. The test for determining if an instruction is prejudicial is whether it places a greater burden on

the party submitting it than the applicable instruction. *Keifer v. St. Jude's Children's Research Hosp.*, 654 S.W.2d 236, 238 (Mo. App.1983). Instruction No. 11 may have imposed on defendant a greater burden of proof than that required by law but it imposed no added burden on plaintiffs. The Arnolds were not injured or prejudiced.

■ Finally, the Arnolds assert they were prejudiced by Instruction No. 11 because it precluded the jury from determining the comparative fault of Ingersoll–Rand and Darryl. We think not. First, the verdict found Darryl 100% at fault and defendant 0% at fault which illustrates they compared fault. Second, the assumption of the risk instruction was supported by the evidence and was not an erroneous declaration of the law. *Martin*, 857 S.W.2d at 369. The trial court did not err in giving Instruction No. 11. Point denied.

The Arnolds' second point is the trial court erred in sustaining defendant's motion for a directed verdict on their failure to warn claim at the close of all the evidence. We review in accordance with the standard of review for directed verdicts. *Missouri Highway and Transportation Commission v. Keeley*, 780 S.W.2d 84, 87 (Mo.App.1989). The evidence on the issue of failure to warn in the present case was substantially the same as in *Arnold I*. The Supreme Court held in *Arnold I* the plaintiffs failed to make a submissible case on the issue of causation. We find the evidence on retrial substantially the same and adopt the same position.

In an effort to explain the absence of a submissible case on the issue, the Arnolds argue the court erroneously sustained defendant's motion in limine which precluded them from offering evidence necessary to make a submissible case. The court sustained motions in limine to exclude testimony of Darryl and others concerning the possible effect of a missing warning label other than on the date of fire. It also excluded Darryl's testimony about his conduct if on the date of accident there had been a warning label.

■ We give substantial deference to the trial court as to the admissibility of evidence. *Kansas City v. Keene Corporation*, 855

S.W.2d 360 (Mo. banc 1993). The trial court's decision will not be disturbed absent an abuse of discretion. *Id.*

The Arnolds argue Darryl's testimony about what he would have done, had there been an adequate warning, was competent and represented additional evidence to substantiate his failure to warn claim. Ingersoll–Rand objected to the testimony, asserting it represented impermissible speculation about what he would have done in a hypothetical situation. At trial, the offer of proof included testimony from Darryl that if the air compressor had a warning "Do not use within twenty feet of explosive vapor" he would have altered his behavior in the following ways: (1) He would not have worked on any automobile gasoline lines or fuel tanks or carburetors within twenty feet of the machine; (2) He would have insisted that either the machine be moved or he wouldn't work on anything that could produce gasoline vapors because it would be dangerous.

The Arnolds also wanted to present evidence that he habitually followed instructions and warnings. Similar evidence was presented in the March 11, 1993, affidavit of Darryl, offered in response to Ingersoll–Rand's motion in limine.

■ The trial court found the record already reflected there were no specific warning on the compressor about explosive vapors at the time of the fire. It also noted the jury already heard evidence of Darryl's years of experience as an automobile mechanic. It found it is not proper for a lay witness to speculate about his conduct on different facts. The testimony offered by Darryl constituted his opinion of what he believed he would have done in a hypothetical situation. Testimony about what a plaintiff might have done under a hypothetical state of facts is speculative and immaterial. *Teel v. May Department Stores Co.*, 352 Mo. 127, 176 S.W.2d 440, 445 (1943); *Southwestern Bell Telephone Co. v. Buie*, 758 S.W.2d 157, 165 (Mo.App.1988). The trial court did not err in granting the motion in limine and in disallowing the testimony.

■ The Arnolds' third point is the trial court erred in giving a withdrawal in-

struction requested by defendant on the issue of failure to warn. Following the directed verdict, the trial court submitted Ingersoll–Rand's withdrawal instruction concerning the issue of whether the air compressor was unreasonably dangerous due to the lack of a proper warning. The giving of a withdrawal instruction is a matter within the discretion of the trial court. *Anglim v. Missouri Pacific R.R.*, 832 S.W.2d 298, 308 (Mo. banc 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 831, 121 L.Ed.2d 701 (1992). Plaintiffs bear the burden of showing an abuse of discretion. *Id.* at 303. MAI 34.01, a withdrawal instruction, may be given when evidence on an issue has been received, but there is inadequate proof given for final submission of the issue to the jury. *Missouri Highway & Transportation Commission v. Rockhill Development Corporation,* 865 S.W.2d 765, 767 (Mo.App.1993). Withdrawal instructions should be given when there is evidence which might mislead the jury in its consideration of the case as pleaded and submitted. *Klaus v. Deen,* 883 S.W.2d 904, 905 (Mo.App.1994).

The Arnolds contend the issue of whether the air compressor lacked a proper warning at the time of the fire was still relevant on the issue of whether Darryl knew of the danger of an explosion. The presence or absence of a warning on the air compressor at the time it left Ingersoll–Rand's control is an essential element to their failure to warn claim. The manager of quality systems from Ingersoll–Rand testified that a warning label not to operate the machine within twenty feet of explosive vapors would have been on this air compressor. An expert who examined the conduit box after the fire testified that if such a label had burned off, he would not be able to tell if it had been there or not. Arnold testified he did not remember seeing other warning labels that his own expert stated were on the air compressor. But, there was no substantial evidence that a warning label was missing when the compressor left Ingersoll–Rand's control. *White v. Thomsen Concrete Pump Co.,* 747 S.W.2d 655, 660–661 (Mo.App.1988). Darryl's knowledge of the danger was acknowledged and evidence of a missing label at the time of the fire would not have added proof of his lack of knowledge or Ingersoll–Rand's failure to affix a label at the time of manufacture.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.