Patricia IVEY, Appellant,

v.

Clara Joe NICHOLSON–MCBRIDE, Respondent.

No. WD 72070.

Missouri Court of Appeals, Western District.

Feb. 22, 2011.

Joshua P. Perkins, John H. Norton, Kansas City, MO, for Appellant.

Bernard T. Schmitt, Angela D. Lucas, Kansas City, MO, for Respondent.

Before: THOMAS H. NEWTON, P.J., JAMES M. SMART, JR., and JOSEPH M. ELLIS, JJ.

THOMAS H. NEWTON, Presiding Judge.

Ms. Patricia Ivey, a driver's license examiner, was injured during a driving skills test with Ms. Clara Joe Nicholson–McBride, a license applicant. Ms. Ivey sued Ms. Nicholson–McBride for negligence. Ms. Nicholson–McBride filed a motion for summary judgment, alleging that Ms. Ivey's claim was barred under the assumption of risk doctrine. The circuit court granted summary judgment. We reverse and remand.

### Factual and Procedural Background

Ms. Ivey was in the car as a passenger to evaluate whether Ms. Nicholson–McBride's driving skills were sufficient to obtain a driver's license. Ms. Ivey had previously administered thousands of driving skills tests during her fifteen-year employment with the Missouri Highway Patrol. At some point, Ms. Nicholson–McBride drove toward an intersection with a red light. As they approached the intersection, Ms. Ivey yelled, "Stop," and Ms. Nicholson–McBride slammed on the brakes. Ms. Ivey extended her right arm to brace herself, and the impact injured her shoulder. Ms. Ivey sued Ms. Nicholson–McBride for damages under a negligence theory.

After both parties were deposed, Ms. Nicholson–McBride filed a motion for summary judgment. She alleged that Ms. Ivey's negligence claim was barred by the assumption of risk doctrine because her injuries resulted from a risk inherent to her position as a driver's license examiner. Ms. Nicholson–McBride cited as support Ms. Ivey's testimony that one of the risks associated with her job was riding with inexperienced drivers and that she had ridden with applicants who had made abrupt stops on "more than 100 occasions." In her response, Ms. Ivey denied that she assumed the risk of an abrupt stop resulting from Ms. Nicholson–McBride's alleged negligent operation of the vehicle. Ms. Ivey claimed that she yelled for Ms. Nicholson–McBride to stop "just as [Ms. Nicholson–McBride] was entering the intersection against the red traffic signal" because Ms. Nicholson–McBride did not slow down or stop the vehicle after twice being told that the light was red. In her reply, Ms. Nicholson–McBride denied that she had entered the intersection before stopping and alleged that she heard only one verbal warning to stop.

The circuit court granted the motion for summary judgment, concluding that the undisputed facts showed that Ms. Nicholson–McBride was entitled to judgment as a matter of law. Specifically, the circuit court found that Ms. Ivey knew from experience that a sudden stop by an inexperienced driver was an incidental risk to her position as a driver's license examiner and

that Ms. Ivey voluntarily and knowingly assumed the risk associated with her role when she became Ms. Nicholson–McBride's passenger to assess her driving skills. Consequently, the circuit court ruled that the undisputed facts showed Ms. Ivey's implied primary assumption of risk and completely barred the action. Ms. Ivey appeals.

## Standard of Review

We review the granting of a summary judgment *de novo*. *Frank v. Mathews*, 136 S.W.3d 196, 199 (Mo.App. W.D.2004). The record and accompanying reasonable inferences are viewed in the non-movant's favor. *Id.* In determining the propriety of the summary judgment, we employ the same criteria used by the circuit court as set forth in Rule 74.04. *Id.* Summary judgment is appropriate when "the motion, the response, the reply, and the sur-reply show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 74.04(c)(6).

## Legal Analysis

■ Ms. Ivey raises three points and argues that the circuit court erred in granting summary judgment because: (1) case law imputes a duty of care upon drivers to their passengers, thereby rendering the implied primary assumption of risk doctrine inapplicable; (2) Ms. Ivey's injuries were caused by Ms. Nicholson–McBride's negligence, thereby precluding the implied primary assumption of risk doctrine from completely barring her action; and (3) whether a risk is a "well-known incidental risk" is an issue for the jury. The first point is dispositive, so we do not address the other points. A defendant moving for summary judgment may prevail if she shows any of the following:

(1) facts that negate any element of the plaintiff's cause of action, (2) the plaintiff, after adequate discovery, has not produced and will not be able to produce sufficient evidence on each element of his claim, or (3) no genuine dispute as to the existence of each of the facts necessary to support the defending party's properly-pleaded affirmative defense.

*Frank*, 136 S.W.3d at 199. Negligence is shown by proof of the following elements: " '(1) the existence of a duty to conform to a certain standard of conduct to protect others against unreasonable risks, (2) breach of the duty, (3) proximate cause, and (4) actual damages.' " *Pyle v. Layton*, 189 S.W.3d 679, 682–83 (Mo.App. S.D.2006) (quoting *Sanders v. Slayden*, 944 S.W.2d 228, 230 (Mo.App.1997)).

■ The affirmative defense of primary implied assumption of risk is one of three types of assumptions of risk.[1] *Lewis v. Snow Creek, Inc.*, 6 S.W.3d 388, 393 (Mo.App. W.D.1999) (stating assumption of risk doctrine includes express, implied primary, and implied secondary). Implied primary assumption of risk "involves the question whether the defendant had a duty to protect the plaintiff from the risk of harm." *Id.* at 395. Under this type of assumption of risk, the defendant is relieved from the duty to protect the plaintiff from well-known incidental risks of the parties' voluntary relationship because the plaintiff's participation in the activity acts as consent to relieve the defendant of this duty. *Sheppard ex rel. Wilson v. Midway R–1 Sch. Dist.*, 904 S.W.2d 257, 261 (Mo. App. W.D.1995). If the plaintiff sustains an injury from such a risk while in the relationship, the defendant, having no duty, cannot be found negligent. *Id.* at 261, 262. Thus, a finding of primary implied assumption of risk, similar to that of

1. Assumption of risk is listed as an affirmative    defense in Rule 55.08.

an express assumption of risk, completely bars the plaintiff's recovery under negligence. *Id.* at 262.

■ Assumed risks, however, arise from the "nature of the activity itself" rather than from a defendant's negligence. *Martin v. Buzan*, 857 S.W.2d 366, 369 (Mo. App. E.D.1993). Primary implied assumption of the risk is thus inapplicable when a plaintiff's injuries are caused by a defendant's breach of a duty of care in administering or regulating the activity. *See Sheppard*, 904 S.W.2d at 262–63. This is so because duty is predicated upon foreseeability. *See Hallquist v. Midden*, 196 S.W.3d 601, 604–05 (Mo.App. E.D.2006); *Bostic ex rel. Bostic v. Bill Dillard Shows, Inc.*, 828 S.W.2d 922, 926–27 (Mo.App. W.D.1992). For example, in the sports context, a player generally consents to "injuries which are reasonably foreseeable consequences of participating in the competition." *Martin*, 857 S.W.2d at 369. However, a player does not consent to injuries resulting from negligent conditions because it is not reasonably foreseeable that the standards of care in regulating and administering the game will be breached. *See Sheppard*, 904 S.W.2d at 262–63.

The law imposes a duty on all drivers to operate their vehicles with the highest degree of care. *See* § 304.012 RSMo 2000 (drivers have a duty to drive "in a careful and prudent manner and at a rate of speed so as not to endanger ... the life or limb of any person and shall exercise the highest degree of care."). The law does not specify that only licensed drivers must exercise the highest degree of care. It requires "[e]very person operating a motor vehicle" to do so, and that quite obviously includes an applicant for a driver's license. A driver's license examiner must observe an applicant's ability "to operate a motor vehicle safely [including] skills of starting, stopping, parking, backing, signaling and overall control of a vehicle." 12 CSR 10–24.060(2)(B). However, in conducting these examinations, examiners do not expressly or impliedly relieve applicants of their duty of care in driving and do not assume the risk of injury resulting from an applicant's negligent driving.

■ Ms. Ivey thus had every right to expect Ms. Nicholson–McBride to exercise the highest degree of care in demonstrating her driving skills. Nothing about Ms. Ivey's presence in the vehicle as a passenger amounted to assuming a risk inherent in this activity. Consequently, assumption of risk has no application to this case. It is simply an issue of negligence.

Ms. Ivey asserted in her petition that Ms. Nicholson–McBride's negligent operation of her vehicle caused Ms. Ivey's injuries. The undisputed facts do not establish otherwise. Thus, the circuit court erred in granting summary judgment because whether the abrupt stop was the consequence of negligent driving remains a genuine issue of material fact. Ms. Ivey's first point is granted.

### Conclusion

Therefore, we reverse the summary judgment and remand the case to the circuit court for proceedings consistent with this opinion.

SMART and ELLIS, JJ. concur.