

# Missouri Court of Appeals

## Southern District

## Division Two

CHARLES A. MYERS, a minor, by and )
through his mother and next friend )
SUSAN SCHULZ, )
            )
         Plaintiff-Respondent, )
            )
      vs. )       No. SD33204
            )
CITY OF WEST PLAINS, MISSOURI, )    **Filed: January 27, 2015**
            )
         Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF HOWELL COUNTY

Honorable R. Craig Carter, Special Judge

### <u>AFFIRMED</u>

Charles Myers ("the child"), by his next friend and mother, Susan Schulz, brought suit against the City of West Plains ("Appellant") for an injury that occurred in a park in West Plains. The jury returned a verdict allocating 85% fault to Appellant and 15% to the child. In both its points, Appellant challenges the giving of a withdrawal instruction, which stated: "The evidence of Susan Schulz's supervision or lack of supervision of [the child] is withdrawn from the case and you are not to consider such evidence in arriving at your verdict."

1

In Point I, Appellant claims the trial court erred when it offered the withdrawal instruction,

> because it abused its discretion and prejudiced Appellant in that tendering the withdrawal instruction was not supported by evidence, was misleading to the jury, directed the jury to disregard testimony that disputed Respondents' evidence regarding the condition of the Park, and eliminated evidence relating to Appellant's affirmative defense of comparative fault.

In Point II, Appellant claims the trial court erred when it offered the withdrawal instruction "because it abused its discretion and prejudiced Appellant in that the withdrawal instruction was too broad and removed evidence that concerned issues still before the jury at the close of evidence." First, we note that our standard of review is an abuse of discretion. That means that we will not reverse the decision regarding the giving of a withdrawal instruction unless the trial court ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration. *Robert T. McLean Irrevocable Trust u/a/d March 31, 1999 ex rel. McLean v. Ponder*, 418 S.W.3d 482, 498 (Mo.App. S.D. 2013). "Withdrawal instructions should be given when there is evidence which might mislead the jury in its consideration of the case as pleaded and submitted." *Arnold v. Ingersoll-Rand Co.*, 908 S.W.2d 757, 764 (Mo.App. E.D. 1995). Because it is not clear from the points just what evidence was "improperly" excluded, we will address the points together with the necessary background for the trial court's decision.

In a discussion with the attorneys about the proposed withdrawal instruction, the trial court expressed concern of the parent's negligence being imputed to the child. The issue had first been raised in voir dire when a potential juror asked: "My question -- well, of course, you probably can't answer it, but where was the supervision for the child while

2

he was being hurt?" The potential juror further stated that he could not be impartial because Susan Schulz was not at the park at the time of the accident.

Seven other potential jurors agreed that they would "lean toward the City" if the child's mother was not right there with him. In an attempt to rehabilitate some of those jurors, Appellant's counsel stated:

> We talked about -- a lot about supervision, okay? I have boys and I understand the emotion that some of you spoke out with earlier about that, and I understand that. But I want to address that for a second, okay? . . .
>       I wanted to ask you a question. If you're selected as a juror -- I know you had an issue with supervision -- where is mom, okay? You would hear evidence about that in this case, okay? You'll hear the history about the park and how Susan and [the child] treated that park. You'll hear about that. And if you're selected as a juror, you get to sit there and give it the weight you wanted to give it. Can you be fair and impartial in doing that?

When the juror said he could not "in good conscience have the City or the state or the park or anyone else pay for someone else's neglect," counsel responded that he appreciated the venireman's honesty and agreed "it is -- it is a bad thing that happened to [the child's] knee -- the injury he experienced, okay?"

Counsel continued with the "issue of supervision" with additional veniremen. He told the potential jurors:

> Knowing what you know now, that if you're selected as a juror, you sit up there, you get to hear the evidence about that issue and many other issues, that you get to determine and give it weight, okay, the weight you felt it should have. Can you do that in a fair and impartial manner?

Later he said to the venirepanel when speaking again about the "issue with the supervision," that they would hear evidence about that issue and about other issues. He stated:

> If you're selected as a juror, would you be able to sit up there and listen to the -- listen to the evidence, and it might involve [the child] being at the

3

park by himself or with friends. Can you hear that and still listen to all the evidence and be fair and impartial?

Counsel further asked a venireman, "You could hear evidence that makes you understand why -- why [the child] might have been there unsupervised or vice versa. You get to hear the evidence and give it the weight, okay?" Trial counsel repeatedly asked if they would listen and follow the instructions of the judge.

Appellant does not argue that Schulz's negligence should be imputed to the child, but appears to be contending that Schulz's decision to allow the child to go to the park unsupervised is directly related to the contention by the park that Appellant was not negligent in the maintenance of the park. In other words, Appellant contends the issue of supervision should not have been withdrawn because it supports the conclusion that Schulz was properly supervising the child in allowing him to go to the park, which was being properly maintained by Appellant. Appellant did not propose that a withdrawal instruction which stated that evidence of any "improper" supervision was withdrawn from the case, nor do they argue that such an instruction would be proper.

Instead, Appellant argues that any evidence that came into the case about supervision was proper because Schulz "opened the door to cross examination by [Appellant's] counsel about Schulz's decision to allow [the child] to go to the Park unsupervised when she introduced testimony in support of her theory that the Park was not properly maintained by [Appellant]." Specifically, Appellant claims that Schulz presented considerable testimony in her case on the issue of supervision, on the rules that the child was to follow if he went to the park, and that glass had been seen at the park on prior occasions (by witnesses other than Schulz). Appellant argued to the trial court that the evidence was important to his case that the history of the park was that it was safe to

allow kids to go to the park.  The trial court allowed Appellant to argue that people let their kids go to this park all the time.  Appellant indeed argued that "the adults in that area allowed their children to go there unsupervised.  The children did go there unsupervised."

Schulz contended, and the trial court agreed, that a stray issue, the supervision of the child, was in the case and requested a withdrawal instruction.  It is proper to give a withdrawal instruction when there is evidence presented which might mislead the jury in its consideration of the case as pleaded and submitted or when there is evidence that might easily raise a false issue.  MAI 34.01; ***Stevens v. Craft***, 956 S.W.2d 351, 355 (Mo.App. S.D. 1997).  It is clear from the numerous references in voir dire that the jury had been told that they could consider the lack of supervision in their deliberations.  The jury was told to listen to the instructions of the court.  Although Appellant attempts to convince us that it is contending that the child was properly supervised, the questions asked during cross examination, as stated in Appellant's brief, "focused on Schulz's experience with the Park and her decision not to supervise [the child] when he went there."  The trial court heard the questions asked by both parties,[1] heard the tone in which the questions were asked and heard the answers, and determined that a stray issue had been created.

The decision of the trial court that a stray issue had been created was not an abuse of discretion; it was not clearly against the logic of the circumstances, nor was it so arbitrary and unreasonable as to shock our sense of justice and indicate a lack of careful

---

[1] Many of the questions had to do with a street and a creek near the park.  No one contended the child was hurt in the street or near the creek.  Counsel repeatedly asked if the child could now go past the park with a friend and used the term "unsupervised by you or an adult."  At the end of some questions about the park, counsel asked how old the child was at the time of the fall.

consideration.  The giving of the withdrawal instruction concerning evidence on the issue

of Susan Schulz's supervision or lack of supervision was not error.  The points are

denied.

      The judgment is affirmed.


Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, J. - Concurs

Mary W. Sheffield, P.J. - Concurs