Jason KAUFOLD, Appellant,

v.

CHESTERFIELD VILLAGE GP, LLC, d/b/a Chesterfield Village Apartments, LP, and McCormack Baron Ragan Management Services, Inc., Respondents.

No. 28178.

Missouri Court of Appeals, Southern District, Division One.

Sept. 12, 2007.

David W. Ansley and Steven J. Blair, Springfield, for Appellant.

Randy Scheer and Jacob Sappington, Springfield, for Respondent.

DANIEL E. SCOTT, Judge.

On July 16, 2007, this court adopted an opinion in this case. On July 18, 2007, this case was transferred to the Missouri Supreme Court pursuant to Rule 83.03. On August 22, 2007, the Missouri Supreme Court retransferred the case to this court. This court's original opinion now is readopted.

Plaintiff sued a property owner and management company for his mother's wrongful death in an apartment fire. The trial court granted summary judgment to the defendants. This case involves the same defendants, fire, lease form, exculpatory clause, claims, issues, and attorneys as, and was orally argued together with, *Milligan v. Chesterfield Village GP, LLC, et al.*, No. 28179, 232 S.W.3d 683 (Mo.App. S.D. 2007). Our reasoning in *Milligan*, decided today, applies equally here and

compels similar results. Accordingly, we affirm the judgment herein for defendant Chesterfield, but reverse the judgment for defendant McCormack and remand plaintiff's claims against that defendant for further proceedings consistent with our opinion in *Milligan.*

PARRISH, J., concurs.

RAHMEYER, P.J., concurs in part and dissents in part.

NANCY STEFFEN RAHMEYER, Presiding Judge, dissenting in part and concurring in part.

For the reasons set forth in my dissent in *Milligan v. Chesterfield Village GP, LLC, et al.,* No. SD28179, 232 S.W.3d 683, 693 (Mo.App. S.D. 2007) I respectfully dissent to the majority's opinion that Paragraph 27 is unambiguous, but concur in the majority's opinion that Paragraph 27 does not preclude Plaintiff's claims against McCormack. In light of *Lewis v. Snow Creek, Inc.,* 6 S.W.3d 388 (Mo.App. W.D. 1999) and *Alack v. Vic Tanny International of Missouri, Inc.,* 923 S.W.2d 330, 337 (Mo. banc 1996), I would find Paragraph 27 of the apartment lease to be ambiguous because its general language would include intentional torts and other causes of action which one may never use to exonerate oneself from future liability.