STATE of Missouri, Respondent,

v.

Antonio M. WOODS, Appellant.

No. ED 94540.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 15, 2011.

Rehearing Denied April 21, 2011.

Brocca Smith, Saint Louis, MO, for Appellant.

Chris Koster, Attorney General, Timothy A. Blackwell, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before GLENN A. NORTON, P.J., KATHIANNE KNAUP CRANE, J. and GEORGE W. DRAPER III, J.

## *OPINION*

GLENN A. NORTON, Presiding Judge.

Antonio M. Woods appeals the judgment entered upon a jury verdict convicting him of two counts of first-degree robbery, two counts of first-degree burglary, one count of stealing over $500.00, one count of false imprisonment, two counts of stealing under $500.00, and one count of resisting arrest. We reverse and remand in part and affirm in part.

## I. BACKGROUND

In November and December of 2008, several residents of an apartment building located at 275 Union Boulevard had items taken from their apartments. In one instance, property was taken from an apartment while the resident was gone. In two other instances, residents of the apartments were home and threatened with violence before the perpetrators took things from the apartment. One resident was tied up in his apartment with belts and sheets while he was robbed. In addition, one individual had a laptop stolen from his table in the cafe located in the bottom floor of the apartment building. Ultimately, Woods was detained as a suspect in the crimes, and he was identified by witnesses in the cafe and building, as well as the victims of the crime. As a result of all the alleged incidents, Woods was charged with two counts of first-degree robbery, two counts of first-degree burglary, one count of stealing over $500.00, one count of false imprisonment, one count of resisting arrest, and two counts of stealing under $500.00. The charges were tried jointly before a jury, and the jury returned verdicts of guilty on all counts. Woods was sentenced to twenty years' imprisonment for each count of robbery, seven years for each count of burglary and the stealing over $500.00 count, and one year for each of the remaining counts, all terms to be served concurrently. He now appeals.

## II. DISCUSSION

### A. Use of Video Deposition at Trial

In his first point on appeal, Woods claims the trial court erred in admitting the video deposition of one of the victims, Danish Nagda, at trial because the State failed to show Nagda was unavailable or that the State had made a reasonable effort to secure his attendance. According to Woods, the use of the video deposition violated his constitutional rights to confront a witness against him and of due process.[1]

---

1. The State responds by claiming the issue is not preserved for our review; however, the record reflects that counsel for Woods object-ed to the State's motion for preservation of testimony as well as objected to the admission

The State filed a motion to preserve Nagda's testimony by video deposition.[2] In its motion, the State recited the following facts: "Mr. Nagda is a student and will be leaving the country on May 15, 2009 and be gone for the summer. Following his return to the United States, Mr. Nagda will be attending medical school in Philadelphia, Pennsylvania." Missouri Supreme Court Rule 25.14[3] allows the trial court to order a deposition to preserve testimony upon the motion of the prosecuting attorney. The rule provides that, "[t]he court shall order the deposition if it finds, after a hearing, that the deposition is necessary to preserve testimony." Rule 25.14. There is nothing in the record on appeal to indicate whether a hearing was held on the State's motion, nor is there any finding from the trial court that the deposition was necessary to preserve Nagda's testimony. While we have some question as to whether Nagda's deposition was properly obtained pursuant to Rule 25.14 because of these deficiencies, the dispositive issue is whether the admission of the video deposition in lieu of his testimony at trial was appropriate.

■ Pursuant to the Sixth Amendment of the United States Constitution, an accused has the right to be confronted with the witnesses against him. The Missouri Constitution, Article I, Section 18(a), contains a similar protection, providing that "the accused shall have the right to appear and defend, in person and by counsel ... to meet the witnesses against him face to face...." The right to confront witnesses is applicable in criminal cases through the Fourteenth Amendment of the United States Constitution which prohibits the deprivation of life or liberty without due process of law. *State v. Glaese*, 956 S.W.2d 926, 930 (Mo.App. S.D.1997).

■ An exception to the right to confront witnesses is permitted if the State demonstrates a witness is unavailable, has testified previously, and was subject to cross-examination. *State v. Gray*, 616 S.W.2d 102, 104–05 (Mo.App. W.D.1981). Thus, if the State meets its burden of showing the witness is "otherwise unavailable," a deposition of the witness can be taken and used at trial in lieu of live testimony. *Id.* at 105; Rule 25.16(b)(4). Specifically, pursuant to Rule 25.16(b)(4), a deposition can be used if "the state has made a good faith effort to obtain the presence of the witness at ... trial, but has been unable to procure the attendance of the witness."

Here, the State argues it could not have procured Nagda's attendance at trial because Missouri subpoena power would not extend to Pennsylvania, where Nagda was in school at the time of trial. However, both Missouri and Pennsylvania have provisions under the Uniform Law to Secure Attendance of Witnesses from Within or Without State in Criminal Proceedings. *See* Sections 491.400 to 491.450 RSMo 2000[4] and 42 Pa.C.S.A. Sections 5961 to 5965 (2000). Missouri cases have considered the State's attempt to utilize the Uniform Law as evidence of the State's good faith effort to obtain the witness's attendance at trial. *Glaese*, 956 S.W.2d at 931; *Gray*, 616 S.W.2d at 105. In this case, however, there is no evidence the State attempted to procure Nagda's attendance

of the video deposition at trial. Therefore, the issue was preserved for our review.

2. The judge presiding over the State's motion was not the same judge presiding over the trial.

3. All references to Rules are to Missouri Supreme Court Rules (2010).

4. All further statutory references are to RSMo 2000.

by utilizing the Uniform Law. In fact, there is no evidence that *any* effort was made by the State to procure Nagda's attendance at trial. Instead, in response to Woods' objection to playing the video deposition at trial, the prosecutor stated only that she "knew [Nagda] would be unavailable" because he was attending mandatory medical school classes "on the East Coast." Such circumstances are not sufficient to establish unavailability of a witness within the contemplation of Rule 25.16(b)(4). Because the witness was not unavailable and the State made no showing of any effort to procure his attendance, the video deposition was not admissible under Rule 25.16. The admission of the video deposition violated Woods' right of confrontation, and therefore, the case must be reversed and remanded for a new trial on counts one and two, the charges of first-degree robbery and first-degree burglary relating to Nagda. Point one on appeal is granted.

## B. Joinder and Severance

In his second and final point on appeal, Woods claims the trial court erred in denying his motion to dismiss for improper joinder and in denying his motion to sever.[5] Woods claims the joined charges were not similar in character, were not connected and did not constitute a common scheme or plan. According to Woods, the trial court's failure to sever the counts prejudiced him because the jury was allowed to consider his guilt on each count when considering the other counts, and because he could testify on his own behalf on some counts, but not on others. Woods' arguments are without merit.

"The issue of whether joinder is proper is a question of law, and this Court only examines the State's evidence in making this determination." *State v. Warren,* 141 S.W.3d 478, 486 (Mo.App. E.D.2004). Pursuant to both Rule 23.05 and section 545.140.2, joinder is proper if the offenses are part of the same act or transaction, part of a common scheme or plan, or are of the same or similar character. The tactics used in separate offenses do not have to be identical to constitute acts of the same or similar character. *Warren,* 141 S.W.3d at 487. This Court can consider several non-exclusive factors, including the commission of the same type of offenses, victims of the same sex and age group, offenses occurring at the same location or offenses closely related in time. *Id.*

Here, the evidence shows that while there were some differences among the crimes, namely whether Woods acted with an accomplice and whether occupants of the apartments Woods entered were home, there were far more similarities. Each crime was committed in the same apartment building, within the span of eight days. In addition, each incident involved taking technological equipment such as laptop computers and other computer accessories, as well as video game systems. The crimes in which the victims were present in the apartments were each committed with physical violence as well as threats. Based upon these factors, the robbery, burglary, and stealing charges were properly joined. Moreover, during one of the incidents, Woods tied up one victim, which resulted in the false imprisonment charge. Because the false imprisonment occurred during the commission of the other properly joined crimes, it was

---

5. Although we have determined Woods is entitled to a new trial on the charges of first-degree robbery and first-degree burglary relating to Nagda, this determination does not affect our analysis of whether the trial court erred in trying all the charged crimes together.

sufficiently related to those charges to warrant joinder. The resisting arrest charge also stemmed from the apprehension of Woods as a suspect in the other properly joined crimes, and therefore, joinder was proper.

■ Severance assumes joinder was proper and leaves the determination of whether prejudice would result if the properly joined charges are tried together to the discretion of the trial court. *Warren,* 141 S.W.3d at 487. If the evidence relating to each offense is distinct and uncomplicated we will not find that the trial court abused its discretion in denying the motion to sever. *State v. Reeder,* 182 S.W.3d 569, 577 (Mo.App. E.D.2005).

In this case, the evidence relating to each offense was distinct and uncomplicated. Each of the victims and witnesses testified, and their testimony and the evidence regarding each offense was straightforward. In addition, section 545.140.2 requires offenses to be tried separately only if there is a showing of substantial prejudice if the charges are not tried separately and the trial court finds bias or discrimination against the party requiring a separate trial. Woods claims he was prejudiced because the jury could consider the evidence of his guilt on each charge when considering the other charges. Such a general allegation of prejudice is insufficient to reverse the denial of a motion to sever. *Warren,* 141 S.W.3d at 488. "The general allegation that the jury would likely consider evidence of guilt on one charge as evidence of guilt on another charge does not meet the requirement of a particularized showing of substantial prejudice." *Id.*

Woods also argues he was prejudiced because he could have testified about some of the crimes, but not others. This Court faced a similar argument in *Warren,* and determined that a general allegation that a defendant may have testified about one charge but not others did not meet the requirement of a particularized showing of substantial prejudice. 141 S.W.3d at 489. Thus, Woods' argument is without merit.

As a result of the foregoing, the trial court did not err in denying Woods' motion to dismiss for improper joinder. In addition, the trial court did not err in denying Woods' motion to sever the charges. Point two on appeal is denied.

## III. CONCLUSION

The judgment is reversed and remanded for a new trial on counts one and two. In all other respects, the judgment is affirmed.

KATHIANNE KNAUP CRANE, J. and GEORGE W. DRAPER III, J., concur.